IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.  20-cv-1004-DWD |
| | ) |
| ESTATE OF MERCEDES D. MULL, | ) |
| Deceased, | ) |
| DONALD E. MULL, | ) |
| KEVIN W. MULL, | ) |
| TERRY D. MULL, | ) |
| UNKNOWN HEIRS AND LEGATEES OF | ) |
| MERCEDES D. MULL, Deceased, | ) |
| STATE OF ILLINOIS DEPARTMENT OF | ) |
| HEALTHCARE AND FAMILY SERVICES, | ) |
| UNKNOWN OWNERS, and | ) |
| NON-RECORD CLAIMANTS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is the Government's Motion for Service by Publication (Doc. 21). The Government represents that it has conducted a diligent inquiry to find the Estate of Mercedes D. Mull, deceased, but that no probate case has been opened for the decedent (Doc. 21-1). Prior to issuing a ruling on this Motion, the Court finds it necessary to review Plaintiff's claims against the Estate of Mercedes D. Mull for the purposes of establishing the Estate's capacity to be sued under Federal Rule of Civil Procedure 17(b).[1]

---

[1] While federal courts generally do not consider whether it has personal jurisdiction over a defendant *sua sponte*, this general rule does not apply where a defendant has not entered an appearance. *See Souran v. Delaware State Fair, Inc.*, 2019 WL 3779556, at *1 (E.D. Wis. 2019). Further, the Court finds it appropriate here to consider this issue considering the likelihood of Plaintiff moving for a default judgment, and the potential issues raised by the federal probate exception to this Court's jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293 (2006).

1

In this matter, the United States of America, acting through the Rural Housing Service of the U.S. Department of Agriculture, brings this mortgage foreclosure action against the Estate of Mercedes D. Mull, and her presumed heirs. The Government seeks to foreclose the mortgage of a property in Union County, Illinois. The Government alleges that the Estate of Mercedes D. Mull is in default under a note made by Mercedes D. Mull pursuant to Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471-1490t (*See* Doc. 1-1, pp. 12, 23). The Government seeks a judgment of foreclosure and sale, and other remedies.

While the Complaint is brought pursuant to 28 U.S.C. § 1345, the Complaint cites to Illinois foreclosure law and its notice proceedings, suggesting the Government is seeking to invoke certain Illinois state law-based foreclosure procedures here. This appears consistent with the provisions in 42 U.S.C. § 1475(b), which governs foreclosure procedures for loans made by the USDA Rural Housing Service ("RHS"). *See United States v. Jacobsen*, 319 F.3d 323, 324 (8th Cir. 2002); *Clark v. United States*, 2018 WL 11312978, at *2 (E.D. Mo. Aug. 9, 2018); *United States v. Buskell*, 2014 WL 1765386, at *5-*6 (E.D. Penn. May 2, 2014). 42 U.S.C. § 1475(b) provides:

> In foreclosing on any mortgage held by the Secretary [of Agriculture] under this subchapter, the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed by the Secretary.

Few circuits have examined Section 1475(b), however, the Eighth Circuit has confirmed that this provision requires the Government, in foreclosing property subject to RHS loans, to adopt state foreclosure procedures to the extent that they are more

2

favorable to the borrower.  *See Jacobsen*, 319 F.3d at 324.  The Government is not, however, required to adopt state substantive rules.  *Id.*  Accordingly, in this matter it appears the Government is required to follow Illinois state-law foreclosure procedures to the extent they are more favorable to the defaulted borrower.  Illinois law also determines the capacity of the Estate to be sued under Federal Rule of Civil Procedure 17(b).  *See* Fed. R. Civ. P. 17(b)(3).

Turning to Illinois law, when a mortgagor has died, the Estate is a necessary party to a foreclosure action.  *ABN AMRO Mortg. Grp., Inc. v. McGahan*, 237 Ill. 2d 526, 528 (Ill. 2010).  Therefore, Illinois Supreme Court Rule 113(i) provides:

> **(i) Deceased Mortgagors.** In all mortgage foreclosure cases where the mortgagor or mortgagors is or are deceased, and no estate has been opened for the deceased mortgagor(s), the court shall, on motion of a party, appoint a special representative to stand in the place of the deceased mortgagor(s) who shall act in a manner similar to that provided by section 13-209 of the Illinois Code of Civil Procedure (735 ILCS 5/13 -209).

Illinois law further provides that "a court lacks the authority to adjudicate claims made against a decedent's estate until the decedent's will is admitted to probate, or, in the case of intestacy, until letters of administration issue."  *See United States of America v. Stavros*, 2002 WL 31545918, at *2 (N.D. Ill., Nov. 13, 2002) (citing *Estate of Gebis*, 710 N.E.2d 385, 389 (Ill. 1999)); *see also Ezell v. City of Chicago*, 2020 WL 535130, at *4 (N.D. Ill. Jan. 17, 2020). "This procedure 'serves the purpose of preserving the schedule establishing the priority in which claims against an estate must be paid; a contrary result would permit a claimant to circumvent the priority schedule.'"  *Stavros*, 2002 WL 31545918, at *2 (citing *Estate of Gebis*, 710 N.E.2d at 389).  Therefore, generally, when a creditor wishes to pursue a claim

3

against an estate when no estate has been opened, the creditor must petition the state probate court for admission of the decedent's will to probate. *Id.*

Finally, the Court questions whether the federal probate exception applies here. As articulated in *Marshall v. Marshall*, 547 U.S. 293, 311-312 (2006), the probate exception to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311-312. However, this bar does not apply when federal courts adjudicate "matters outside those confines and otherwise within federal jurisdiction." *Id*.

Considering the foregoing, and so that the Court may be reasonably assured of its jurisdiction and that it can grant the relief the Government seeks against the Estate of Mercedes D. Mull, Plaintiff is **DIRECTED** to file a jurisdictional supplement on or before **July 8, 2021**. The supplement shall address the nature of the Court's ability to enter an order against the Estate of Mercedes D. Mull, using Illinois foreclosure and probate notice proceedings, if required, and if indeed no such Estate has been opened. The supplement should further address the application or non-application of 42 U.S.C. § 1475(b) and the federal probate exception to these proceedings.

**SO ORDERED.**

Dated: June 14, 2021

DAVID W. DUGAN
United States District Judge