IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ESTATE OF MERCEDES D. MULL, )<br>Deceased, )<br>DONALD E. MULL, )<br>KEVIN W. MULL, )<br>TERRY D. MULL, )<br>UNKNOWN HEIRS AND LEGATEES OF )<br>MERCEDES D. MULL, Deceased, )<br>STATE OF ILLINOIS DEPARTMENT OF )<br>HEALTHCARE AND FAMILY SERVICES,)<br>UNKNOWN OWNERS, and )<br>NON-RECORD CLAIMANTS, )<br>)<br>    Defendants. ) | Case No.  20-cv-1004-DWD |

## MEMORANDUM AND ORDER

In this matter, the United States of America, acting through the Rural Housing Service of the U.S. Department of Agriculture, brings this mortgage foreclosure action against the Estate of Mercedes D. Mull, and her presumed heirs.  The Government seeks to foreclose the mortgage of a property in Union County, Illinois.  The Government alleges that the Estate of Mercedes D. Mull is in default under a note made by Mull pursuant to Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471-1490t (*See* Doc. 1-1, pp. 12, 23).  The Government seeks a judgment of foreclosure and sale, and other remedies, but has waived its ability to seek a deficiency judgment (*see* Doc. 24, ¶ 3).

Now before the Court is Plaintiff's Motion for Service by Publication (Doc. 21).  The Government represents that it has conducted a diligent inquiry to find the Estate of

1

Mercedes D. Mull, deceased, but that no probate case has been opened for the decedent (Doc. 21-1). Prior to issuing a ruling on this Motion, the Court ordered Plaintiff to submit a jurisdictional supplement to address the Court's concerns with the appropriateness of entering an order against the Estate of Mercedes D. Mull when no such estate exists. (*See* Doc. 23). The Government filed its supplement (Doc. 24) and argues that its current practice of filing suit against the deceased mortgagor's estate, known heirs and claimants, and then providing notice to all unknown heirs and claims by publication is sufficient notice for the purposes of a federal foreclosure proceeding brought by the United States.

This Court has original jurisdiction over foreclosure proceedings initiated by the United States. *See* 28 U.S.C. § 1345. 42 U.S.C. § 1475(b), which governs foreclosure procedures for loans made by the USDA Rural Housing Service ("RHS") also applies here. Specifically, 42 U.S.C. § 1475(b) provides that:

> In foreclosing on any mortgage held by the Secretary [of Agriculture] under this subchapter, the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed by the Secretary.

This provision is limited to state procedures and does not require the Government to adopt state substantive rules. *See United States v. Jacobsen*, 319 F.3d 323, 324 (8th Cir. 2002); *Clark v. United States*, 2018 WL 11312978, at *2 (E.D. Mo. Aug. 9, 2018); *United States v. Buskell*, 2014 WL 1765386, at *5-*6 (E.D. Penn. May 2, 2014). The Government is, however, required to follow Illinois foreclosure procedures to the extent they are "more favorable to the borrower."

The Illinois foreclosure process is outlined in 735 ILCS § 5/15-1501, *et seq.* In Illinois, the mortgagor is a necessary party to a foreclosure action, *see* 735 ILCS § 5/15-1501(a), and when a mortgagor has died, their estate becomes a necessary party. *ABN AMRO Mortg. Grp., Inc. v. McGahan*, 237 Ill. 2d 526, 528 (Ill. 2010). When no estate has been opened for a deceased mortgagor, Illinois Supreme Court Rule 113(i) provides for the appointment of a special representative:

> **(i)** **Deceased Mortgagors.** In all mortgage foreclosure cases where the mortgagor or mortgagors is or are deceased, and no estate has been opened for the deceased mortgagor(s), the court shall, on motion of a party, appoint a special representative to stand in the place of the deceased mortgagor(s) who shall act in a manner similar to that provided by section 13-209 of the Illinois Code of Civil Procedure (735 ILCS 5/13 -209).

However, the appointment of a special representative is not required if one of the circumstances in 735 ILCS § 5/15-1501(h) is present:

> Special Representatives. With respect to the property that is the subject of the action, the court is not required to appoint a special representative for a deceased mortgagor for the purpose of defending the action, if there is a: (1) living person, persons or entity that holds 100% interest in the property, by virtue of being the deceased mortgagor's surviving joint tenant or surviving tenant by the entirety; (2) beneficiary under a transfer on death instrument executed by the deceased mortgagor prior to death; (3) person, persons, or entity that was conveyed title to the property by the deceased mortgagor prior to death; (4) person, persons, or entity that was conveyed title to the property from the deceased mortgagor's probate estate by the administrator or executor; or (5) trust that was conveyed title to the property by: (A) the deceased mortgagor prior to death; or (B) any other person, persons, or entity that is identified in this subsection (h) has being exempt from the requirement to appoint a special representative.

Further, under Illinois law, a decedent's estate is not a suable entity. *See Cole v. City of Chicago*, 2009 WL 10737897, at *2 (N.D. Ill. Jan. 20, 2009) (citing *In re Marriage of*

3

*Schauberger*, 624 N.E.2d 863, 866 (Ill. 2d Dist. 1993) ("An estate lacks the capacity to be sued or be sued, and any action must be brought by or against the executor or representative of the estate.").

No probate estate has been opened for the Estate of Mercedes D. Mull (Doc. 21-1). While such entity is a legal construct, it is not meaningless, and the Court is perplexed as to how the Government proposes to establish service over a legal entity which to date does not exist. And, even if Plaintiff's motion were granted, it is wholly unclear how a subsequent purchaser could be afforded a clear title to the property. Illinois law is clear that an estate is not a suable entity, and that courts lack authority to adjudicate claims against a decedent's estate until it is created. Further, when seeking to foreclose against a deceased mortgagor in Illinois, the estate is a necessary party. In the event an estate has yet to be opened, Illinois provides clear procedures for the appointment of a special representative to stand in the decedent's place, except when one of the specific conditions of 735 ILCS § 5/15-1501(h) exist, and which do not appear present here.

The Government argues that it is not required to follow the procedures articulated in Illinois Supreme Court Rule 113(i), because it is not a procedural requirement, or alternatively, it is not a procedural process that is "more favorable to the borrower" because the decedent borrower died while on Illinois Public Aid. The Government suggests that because of the decedent's indigency, the appointment of a special representative would only needlessly incur fees and costs with no corresponding benefit to decedent's heirs or creditors.

Plaintiff's contention that the procedures in Rule 113 are not actually procedural requirements are unconvincing. The Illinois Supreme Court Rules, including Rule 113, are the "procedural rules of the Illinois court." *See Bachenski v. Malnati*, 11 F.3d 1371, 1380 (7th Cir. 1993); *in accord Bancboston Mortgage Corp. v. Pieroni*, 765 F.Supp. 429, 430 (N.D. Ill. 1991); *see also* Ill. S. Ct. Rule 1. Further, as one Illinois Appellate Court has persuasively concluded, the question of whether the appointment of a special representative is necessary in a foreclosure action is necessarily a procedural question. *See Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-9 v. Schoenberg*, 2018 IL App (1st) 160871, ¶ 21. Specifically, the *Deutsche Bank* Court reasoned that the amendment to Section 5/15-1501(h):

> does not create, define, or regulate the rights of the parties to a foreclosure action but instead provides for the orderly adjudication of existing rights and remedies. The amendment does not modify the mortgagee's rights with respect to the foreclosure action, and has no bearing on the deceased mortgagor's former property rights. In other words, the amendment to section 15–1501(h) of the Foreclosure Law regulates the foreclosure proceedings by providing that the circuit court need not appoint a special representative when the property rights that would be protected by such appointment already belong to a person or entity capable of being sued. A special representative is not necessary when the deceased mortgagor no longer has any interest in need of protection because the mortgagee can proceed directly against the person or entity holding the decedent's former property interest. This amendment does not create, define, or regulate any rights of the parties to the action but instead regulates the procedural question of when a special representative must be appointed. The amendment to section 15–1501(h) of the Foreclosure Law is procedural and may be applied retroactively.

*Id.* Accordingly, the process for appointing a special representative outlined in Section 5/15-1501(h) and Illinois Supreme Court Rule 113 are procedural. While this Court would not be constrained by such procedures in ordinary diversity actions, *see*

5

*Bachenski,* 11 F.3d at 1380, here 42 U.S.C. § 1475(b) specifically adopts Illinois procedures in this matter to the extent they are more favorable to the borrower.

The Court must therefore determine whether the procedures in Section 5/15-1501(h) and Rule 113 are "more favorable to the borrower" here. The Court is troubled by the Government's assertion that the appointment of a special representative would not be favorable to the deceased borrower here, in part, because of her alleged financial status. The Court is hesitant to create a screening rule whereby the appointment of a special representative depends on the relative affluency of the estate, especially when the plain language of Rule 113 and 735 ILCS § 5/15-1501(h) do not make this distinction. The Court is also not persuaded by the Government's remaining arguments. In short, Illinois provides clear procedural instructions for creditors in this matter. These procedures are not superfluous. Instead, the opening of an estate, and appointment of a special administrator in these circumstances, serve the purposes of authorizing the probate court to adjudicate claims against the estate, appointing a suable defendant, and preserving a priority schedule for the orderly administration of claims against the estate. *See United States of America v. Stavros*, 2002 WL 31545918, at *2 (N.D. Ill. Nov. 13, 2002) (citing *Estate of Gebis*, 710 N.E.2d 385, 389 (Ill. 1999); *in accord Cmty. Bank of Plano v. Otto*, 755 N.E.2d 532, 535 (Ill. 2d Dist. 2001) (Although the requirements of opening an estate "may appear unduly technical . . . the consequences of a contrary result are significant.").

Accordingly, the Government has not met its burden to show that service by publication here is appropriate, and its Motion is **DENIED, without prejudice**. 42 U.S.C. § 1475(b) provides an affirmative duty on the Government to use Illinois foreclosure

procedures that are more beneficial to the decedent borrower.  Plaintiff has not shown that the Illinois foreclosure procedures in Rule 113 and 735 ILCS § 5/15-1501(h) are not more favorable to the deceased borrower here.  Plaintiff cannot ignore these procedures simply because it seeks to use this forum for the foreclosure.  The Government is **DIRECTED** to file a status report on or before **November 15, 2021**, detailing its efforts to obtain service over the Estate of Mercedes, and whether a special representative is to be substituted for her Estate.

**SO ORDERED.**

Dated:  October 26, 2021

_____
DAVID W. DUGAN
United States District Judge